## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEI LAI DEVELOPMENT, LLC and LIN HAN,<br><br> Plaintiffs<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>Defendant | Case 1:21-cv-00887<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER AND TO DEFENDANT'S PURPORTED "REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S  MOTION TO DISMISS OR, IN THE ALTERNATIVE TRANSFER" |

## INTRODUCTION

The USCIS has filed a "reply" to what it characterized as Plaintiff's opposition to Defendant's motion to dismiss or, in the alternative transfer, ECF No. 11. However, Plaintiffs had not, at that time, actually filed an opposition to Defendant's motion to dismiss or transfer. Rather, the agency's "reply" was actually aimed at refuting the arguments presented by the Plaintiffs in their reply to Defendant's opposition to their motion for preliminary injunction. In order to avoid any prejudice to the Plaintiffs, the parties entered into the agreement set forth in their joint motion of April 29 (ECF No. 12) whereby the arguments made by the Plaintiffs in this opposition to Defendant's motion to dismiss, or in the alternative, transfer, would also be considered by the Court in deciding their motion to postpone the effectiveness of the Defendant's decisions and/or for preliminary injunction, but that no further arguments for or against plaintiffs' motion would be considered thereafter. Accordingly,  it is respectfully requested that the Court consider the arguments contained herein not only in opposition to the Defendant's motion to dismiss or transfer, but also in support of their motion for a preliminary injunction .

1

I.      DEFENDANT'S VENUE AND TRANSFER ARGUMENTS ARE NOT
        RELEVANT TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

As Plaintiffs previously pointed out, the requirements for a preliminary injunction are (1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the non-movant, and (4) public interest. *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1291 (2009). None of the arguments made by the USCIS in ECF No. 11 are conceivably relevant to any of these factors but the first. However, Plaintiffs' reply to Defendants' opposition showed that the agency's arguments pertaining to transfer and venue are, in fact, also unrelated to the merits of the Plaintiffs' action and, accordingly, are irrelevant to the question of whether the Plaintiff has shown a substantial likelihood of success on the merits or any other issue pertaining to the Plaintiff's motion for an injunction. ECF No. 10 at 4-5.

Nowhere in ECF No. 11 does the agency claim that either venue or a motion to transfer is relevant to the merits of the Plaintiff's action. Therefore the Defendant has conceded this point. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003). In fact, the USCIS' response, to the extent it is relevant at all to Plaintiffs' arguments, actually appears to agree with them, stating the following regarding its argument that Plaintiff's action lacks venue or should be transferred:

> A federal court may "choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 585 (1999). "[C]ertain non-merits, nonjurisdictional issues may be addressed preliminarily, because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Pub. Citizen v. U.S. Dist. Court for D.C*., 486 F.3d 1342, 1348 (D.C. Cir. 2007) (quoting *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp*., 549 U.S. 422 (2007)).
>
> ECF No. 11 at 4.

Clearly this supports Plaintiffs' argument that venue and transferability are not probative of whether they are likely to prevail on the *merits* of their complaint.

Nevertheless, the agency argues, with unclear relevance, that "it is appropriate for courts to rule on Defendants' assertion of improper venue before even addressing their challenges to subject matter jurisdiction." *Id.* at 4. This may be so, and in fact this Court may well decide the agency's motion to dismiss on venue grounds before addressing its challenges to subject matter jurisdiction, but the USCIS cites no authority showing that the Court may consider non-merits arguments in determining whether the Plaintiffs are substantially likely to prevail on the merits of their complaint.

Since the USCIS does not dispute that issues of venue or transfer are not relevant to the issue of whether the Plaintiffs are substantially likely to prevail on the merits of their complaint, these arguments are simply not relevant to Plaintiffs' motion for a preliminary injunction.

II.     FOGO DE CHAO IS DISPOSITIVE OF THE SUBJECT MATTER JURISDICTION ISSUE

ECF No. 11 begins its discussion of this issue by observing that subject matter jurisdiction was the sole issue in *Kucana* and was thoroughly litigated whereas it was not even addressed by the parties in *Fogo de Chao (Holdings) Inc. v. Dep't of Homeland Sec*., 769 F.3d 1127 (D.C. Cir. 2014). However Federal and state courts are absolutely bound by vertical precedents—those delivered by higher courts within the same jurisdiction. *See Hutto v. Davis*, 454 U.S. 370, 375 (1982) (per curiam) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."); *see also* Basil Jones, "Stare Decisis," in 26 *The American and English Encyclopaedia of Law* 158, 170 (David S. Garland &

Lucius P. McGehee eds., 2d ed. 1904) ("An inferior court cannot decide adversely to a decision of a court of last resort and send the case up to that court again upon the ground that in the former decision of the court of last resort certain points were not sufficiently argued or noticed by the justice delivering the opinion there."); Frederick Pollock, *A First Book of Jurisprudence for Students of the Common Law* 309 (1896) ("Decisions of an appellate court of last resort are binding on all courts from which an appeal lies to it, and, of course, on all tribunals inferior to them.").

The USCIS does not dispute this fundamental principle of law nor does it cite any case which creates an exception for cases in which the particular issue in question was raised *sua sponte* by the court as opposed to being argued by the parties. Accordingly, its argument is baseless. Regardless of whether the parties argued the issue or not, *Fogo de Chao* is binding upon this Court.

The  USCIS nevertheless goes on to argue that "*Fogo de Chao* addresses a different kind of visa, i.e., an L-1B visa, and not the L-1A visa[1] at issue in this case," ECF Doc. 11 at 1, and contends that "(t)his is important because the statute that authorizes Defendant to adjudicate these applications specifically defines who qualifies for an L-1B or 'specialized knowledge' visa, but it does not do the same for the L-1A visa at issue here for an 'intracompany transferee'. Compare 8 U.S.C. §§ 1184(a)(1) and (c) to 1184(c)(2)(B)."  However *Fogo de Chao* held that review of the denial of an L-1B petition was not barred by 8 U.S.C. §1252(a)(2)(B)(ii) because: "the statute mandates that visa determinations '*shall* be determined by the Attorney General * * * upon petition of the importing employer,' 8 U.S.C. § 1184(c)(1) (emphasis added), and the

---

[1] Actually, this case involves an L-1A visa *petition*. Certified Administrative Record (CAR) at 1. "Visas" are issued only by U.S. consulates, and, in the case of L visa, only after the USCIS has approved an L petition. The USCIS has no authority to issue visas.

criteria for such decisions are laid out in the statute, including specifically a definition of 'specialized knowledge,' *id*. § 1184(c)(2)(B)." *Fogo de Chao,* 769 F.3d at 1138.

Here too the statute mandates that visa petitions "*shall* be determined by the Attorney General * * * upon petition of the importing employer," for all (H), (L), (O), or (P)(i) nonimmigrants, which includes of course, L-1A nonimmigrants. 8 U.S.C. § 1184(c)(1). **Further, the criteria for such decision are laid out in the *statute*, that is to say the Immigration and Nationality Act (the Act), 8 U.S.C. § 1101 *et seq*., including, specifically, a definition of managerial capacity in Section 101(a)(44)(A) of the Act, 8 U.S.C. § 1101(a)(44)(A).**

While it is true that the definition of managerial capacity is included in a different section of the Act than § 214(c), 8 U.S.C. § 1184(c), that is a distinction without a difference. *Fogo de Chao* stated that a decision regarding L-1B petitions was not "specified … to be in the discretion of the … Secretary of Homeland Security" because the criteria for such decision was laid out in the *statute*, that is to say, the Act, and not in the *subsection*, as the court of appeals would have said had it meant to attach significance to the fact that the definition of specialty knowledge could be found in subsection (c) of section 214 of the Act, 8 U.S.C. § 1184(c).

Therefore the USCIS is dead wrong when it repeatedly asserts that the requirements to be an intracompany transferee are not set forth in the *statute*. It is right there, as big as life, in sections 101(a)(15)(L) and (44)(A) of the Act, 8 U.S.C. §§ 1101(a)(15)(L) and (44)(A). That the definition of the key term for qualifying for L-1A classification is in a different section of the Act than section 214(c), § 1184(c), is a distinction without a difference and  provides no basis upon which to distinguish *Fogo de Chao* from the instant action.

Further, the agency is wrong again when it claims that  contrary to *Kucana v. Holder*, 558 U.S. 233, 239 (2010), "it appears that *Fogo de Chao* requires the word  'discretion' to be

'specified' in the authorizing statute whereas *Kucana* looks at the 'character of the decisions' the statute authorizes." ECF No. 11 at 2. In fact, *Fogo de Chao* says no such thing. Rather, it held that "there is no such statutory grant of discretionary authority in connection with the Service's review of petitions for the L-1B visa classification." *Id.*, 769 F.3d at 1138.

This is entirely consistent with the holding of *Kucana* that "Congress barred court review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute." *Id.*, 558 U.S. at 247. Further, although *Fogo de Chao* observed that "Congress nowhere textually assigned such judgments to the Secretary of Homeland Security's or the Attorney General's sole discretion" *Id.*, 769 F.3d at 1138, the Defendant does not explain what material difference there is between "sole discretion" and "discretion", and none is apparent.

Even if *Fogo de Chao* found the denial of L-1B petitions reviewable because they were not in the "sole" discretion of the Secretary of Homeland Security, there is no indication in the decision that it would have come to any other conclusion had the word "sole" been excluded. In short, the comment that Congress nowhere textually assigned such judgments to the Secretary of Homeland Security's or the Attorney General's "sole" discretion, as opposed to simply their "discretion" is simply irrelevant *dictum*.[2]

Further, while *Kucana* did indicate that an additional reason for finding the decision in that case to not be barred by section 1252(a)(2)(B)(ii) was the fact that it was an "adjunct" rather than "substantive" decision, there is nothing in that opinion that even suggests that a substantive decision is not also barred under that section where, as in *Fogo de Chao* and here, Congress did

---

[2] The term dictum refers to an expression in an opinion which is not necessary to support the decision reached by the court.' BALLENTINE'S LAW DICTIONARY 346 (3d ed. 1969). *Aka v. Wash. Hosp. Ctr.*, 116 F.3d 876, 894 n.11 (D.C. Cir. 1997).

not set out the Secretary of Homeland Security's discretionary authority in the statute. *Kucana,* 558 U.S. at 247, *Fogo de Chao,* 769 F.3d at 1138.

Further, the USCIS is as wrong on the record as it is in its citation when it claims that "Plaintiffs concede that 1182(a) confers discretion." ECF No. 11 at 3. Plaintiffs have never conceded that § 1184(a) confers jurisdiction to the Secretary of Homeland Security over L visa petitions. Rather, that subsection relates solely to the Secretary's discretion to prescribe regulations regarding L nonimmigrants admission to the U.S. But Ms. Han is already in the United States and certainly not seeking admission. "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).[3] The Plaintiffs are not seeking review of a decision not to admit Ms. Han but rather review of the denial of a petition to classify her as an L-1A nonimmigrant, and the agency's treating the two as the same is an even greater error that its prior noted conflation of "visas" with "visa petitions". Nt. 1 *supra*. Nor do the Plaintiffs seek review of the Attorney General or Secretary of Homeland Security's prescription of any regulation pertaining to the time and conditions pursuant to which L-1A

---

[3] The Court have overwhelmingly limited the application of the word "admission" to its statutory definition. Thus, for example, 9 Circuit Courts of Appeal and now even the Board of Immigration Appeals (BIA) itself, all agree that an application for adjustment of status is not an application for admission, simply  because that is not consistent with the statutory definition of "admission" despite the BIA's long prior history of finding an application for adjustment of status to be an "admission" *See, e.g., Medina-Rosales v. Holder*, 778 F.3d 1140 (10th Cir. 2015); *Husic v. Holder*, 776 F.3d 59 (2d Cir. 2015); *Stanovsek v. Holder*, 768 F.3d 515 (6th Cir. 2014); *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014); *Papazoglou v. Holder*, 725 F.3d 790 (7th Cir. 2013); [\*\*4]  *Leiba v. Holder*, 699 F.3d 346 (4th Cir. 2012); *Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479 (3d Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008) and *Matter of J--- H--- J---* , 26 I. & N. Dec. 563, 564 (B.I.A. May 12, 2015). But see *Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014). Nowhere is there any caselaw suggesting that a "petition" is an "admission" and common sense rebels at such an assertion.

nonimmigrants may be admitted to the U.S.. §1184(a) just has nothing to do with this case, as anyone versed in the technical language of the Immigration and Nationality Act would instantly recognize.

The USCIS then goes on to simply miss the point when it notes that "several use of the word 'shall' applies  to what petitioners and applicants must do to be considered and not what the Attorney General 'shall' do." ECF No. 11 at 3. However, not only does the subsection expressly state that "The question of importing any alien as a nonimmigrant under subparagraph (H), (L), (O), or (P)(i) of section 101(a)(15)[4]...in any specific case or specific cases *shall* be determined by the Attorney General", but even if none of the "shalls" related to the government, the section still would not be subject to § 1252(a)(2)(B)(ii) because nowhere in it did Congress set out the Secretary of Homeland Security's discretionary authority in the statute. *Kucana,* 558 U.S. at 247.

While it is noted that *Mahaveer, Inc. v. Bushey*, 2006 U.S. Dist. Lexis 40005 *6, 2006 WL 1716723 (D.D.C. 2006) is to the contrary, that decision never explains how section 1184(a) is even relevant to a noncitizen who is not seeking admission to the United States, nor in what way is section 1184(c) discretionary. In any event, inasmuch as there is no meaningful distinction between L-1A and L-1 B visa petitions for the purpose of section 1252(a)(2)(B)(ii), *Mahaveer* has been overruled by *Fogo de Chao*.

Likewise the USCIS is wrong again when it accuses the Plaintiffs of misstating in some unspecified manner *Kucana's* holding. ECF No. 11 at 3. Nothing could be clearer in *Kucana* than that "section 1252(a)(2)(B)(ii) preclude's judicial review only when the statute itself

---

[4] 8 U.S.C. § 1101(a)(15).

specifies the discretionary character of the Attorney General's authority" *Kucana*, 558 U.S. at 244, ECF No. 10 at 2.

Finally, the USCIS' claim that "(n)owhere do Plaintiffs argue why *Kucana* would not and should not apply or attempt to rebut Defendant's arguments on that issue and thereby concedes them", ECF No. 11 at 3, is just false. As Plaintiffs stated repeatedly, this case is controlled by *Fogo de Chao* which is entirely consistent in all material ways with *Kucana*. *E.g.* ECF No. 10 at 1-2. The agency's loud proclamation of this easily exposed untruth reveals its (understandable) desperation.

In short, jurisdiction in this matter is firmly controlled by *Fogo de Chao*, and nothing argued by the USCIS begins to show otherwise.

III.    VENUE IS PROPER IN THIS DISTRICT

As noted above, the USCIS has conceded  that venue is not relevant to the merits of an action and therefore cannot conceivably be probative of whether the Plaintiffs here are substantially likely to prevail on the merits of their claim. But even when considered solely in support of the USCIS' motion to dismiss or transfer (and not as a basis for denying Plaintiff's motion for injunction) the agency's argument still fails to refute the Plaintiffs' contention that venue is appropriate in the District because the USCIS performs a substantial portion of its duties here. *See, e.g., Bartman v. Cheney*, 827 F. Supp. 1, 2 (D.D.C. 1993), *Smith v. Dalton,* 927 F. Supp. 1, 6 (1996), *Edley v. Saul*, Civil Action No. 18-1553 (RBW), 2019 U.S. Dist. LEXIS 119380, at *7-8 (D.D.C. July 18, 2019), ECF No. 10 at 5-6.

Not only does nothing in the "tsunami" of precedents that the agency claims to have cited refute Plaintiffs' argument on this issue, they actually support it.

Plaintiffs agree with USCIS' authority that "What controls is the official residence of the federal Defendant where the official duties are performed and not the personal residence of an

9

individual who is a Defendant." ECF 8-1 at 22-23 (quoting *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978). However, "(i)n determining the residence of a public official sued in his official capacity, the test of residence is where official duties are performed. When, (a public official) performs a substantial portion of his duties in the District, although a larger proportion in Virginia, it is appropriate to conclude that the District of Columbia is a proper place for venue." *Doe v. Casey*, 601 F. Supp. 581, 585 (1985) *rev'd on other grounds,* 254 U.S. App. D.C. 282, 796 F.2d 1508 (D.C. Cir. 1986), *cert. denied,* 487 U.S. 1223 (1988).  Further, this same principle applies to agencies, such as the USCIS: "(i)n *Buffalo Teachers Federation, Inc. v. Helsby*, 426 F. Supp. 828, 830 (S.D.N.Y.1976), venue was held proper in a district where a state agency conducted a substantial portion of its business even though the headquarters' location was in a different district." *Casey*, 601 F. Supp. At 585.

As Plaintiffs showed in ECF 10-1 through 10-3, substantial portions of USCIS' duties are still performed in the District[5]. The agency doesn't dispute this fact, and so concedes it. *Hopkins*, 284 F. Supp. 2d at 25. Therefore venue is proper in this Court.

IV.     BECAUSE THIS CASE CONCERNS THE VALIDITY OF A PURPORTED REGULATION, IT HAS A MEANINGFUL CONNECTION TO THIS DISTRICT AND SO THIS COURT SHOULD DEFER TO PLAINTIFFS' CHOICE OF VENUE

As discussed above, 28 U.S.C. § 1404 is not relevant to the merits of Plaintiffs' action and, therefore, should not be considered in conjunction with their motion for a preliminary injunction. But it is a moot point because the agency fails to establish a basis for overcoming Plaintiffs' choice of forum anyway.

---

[5] If these exhibits are not, on their own, sufficient to establish that a substantial portion of the USCIS' duties are still performed in the district, plaintiffs should be granted the opportunity to seek discovery on this issue before the Court decides the motion to dismiss. "(W)here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 n.13 (1978).

The agency premises its argument for transfer on the claim that "This case presents a controversy with no meaningful connection to the District of Columbia." ECF 8-1 at 19, nt. 1. This is untrue.

In fact, the agency's defense of the merits of this action relies heavily upon what appears to be a repealed regulation, 8 C.F.R. § 214.2(l)(1)(ii)(B)(1987) (to be employed in a managerial capacity one must not be "an employee who primarily performs the tasks necessary to produce the product and/or to provide the services of the organization". 52 FR 5738). *Cf.* ECF No. 11 at 5-6. Thus, to decide this case, this Court is going to have to determine whether the regulation in question was in fact repealed, and, if so, what the significance of that repeal actually was. This will require the Court to examine the rulemaking procedure that adopted the regulation in 1987 and each rulemaking that occurred thereafter to determine whether and, if so, when and how, the regulation was repealed, since it no longer appears in 8 C.F.R. § 214.2(l)(2021).[6]

Where the Plaintiff is challenging the validity of a regulation which went through a national rulemaking process, the "case presents a sufficiently substantial nexus to this district to warrant deference to (Plaintiff's) choice of forum." *Akiachak Native Cmty. v. DOI*, 502 F. Supp. 2d 64, 68 (D.D.C. 2007). Here both the rulemaking which enacted this regulation as well as the one which apparently repealed it presumably occurred in the District of Columbia. Accordingly, this Court should defer to Plaintiff's choice of forum.

---

[6] Among other things, unless the agency concedes that its argument on this issue is baseless, this Court may be required to determine whether the current Code, as compiled by the Government Publishing Office, is in error, and the regulation has been improperly omitted from it. Even if it has been formally repealed, presumably the Court will need to make a determination that by repealing it, the USCIS or its predecessor somehow did not intend the regulation to cease being controlling.

But there is another reason why this case should not be transferred. 28 U.S.C. § 1404 provides that "for the convenience of parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other district or division where it might've been brought… Or… To which all parties have consented". Here the Defendant has failed to identify any way in which it would be more convenient for any of the parties or the witnesses to transfer this case to Washington or California. In fact, the District is certainly a more convenient forum even  for the Defendants than the districts it suggests transferring this case to, inasmuch as the agency has already invested substantial resources in researching and disputing the merits of this action which would be largely wasted if this case were transferred to another judicial district and assigned to another United States Attorney.

Therefore both because this case involves the validity of a USCIS regulation and  transfer conveniences no one and actually inconveniences the Defendant itself, this action should properly remain in this Court.

V.    THE AGENCY'S DEFENCE OF THE MERITS SIMPLY REPEATS CLAIMS OF THE DENIAL WITHOUT RESPONDING TO THE PLAINTIFFS' THOROUGH REBUTTALS

Finally, ECF No. 11 merely repeats snippets from the agency's decision without even acknowledging, much less responding to, the complete discrediting of these claims that have already been filed in this action. Thus, while  the agency repeats its assertion that "[a]n employee who primarily performs the tasks necessary to produce a product or provide services is not considered to be employed in a managerial or executive  capacity.", ECF 11 at 5, it does not even deny that this argument is based upon a regulation which was apparently repealed by the agency itself, or a predecessor.  ECF No. 10 at 8-9. Nor does it respond to Plaintiffs' argument that it did not offer a single example of how Ms. Han actually does produce the petitioner's products nor

12

that a manager does not produce a product merely because she performs the management functions which enable others in the organization to produce the company's products. ECF No. 10 at 10. While it repeats its decision's claim that the Plaintiffs supposedly "did not provide sufficiently detailed information about how the Beneficiary would answer to the management of the transferring company headed by the owner, Yanbin Han," ECF No. 11 at 5, it failed to even acknowledge, must less respond to Plaintiffs' showing that they did in fact provide such evidence in extensive detail. ECF No.10 at 14-17 & 21.

Remarkably, the USCIS even repeats the            discredited claim that "'your petition . . . shows that your organization employed 8 employees at the time[,] [b]ut, the payroll records submitted shows that some of your employees receiving no or zero salaries.'", ECF No. 11 at 5-6, without even acknowledging, much less responding to,  the Plaintiffs' thorough rebuttal of this baseless claim in their opening memorandum, ECF No. 2-1 at 12-14[7]. It also repeats again the false claim that " Defendant was 'unable to confirm names and employment status of your workers because  your evidence submitted is not sufficient.'"  and  "'[Y]ou did not provide evidence showing employment status and eligibility of your workers.'", ECF No. 11 at 6, and yet entirely fails to mention that the Plaintiffs completely vitiated this claim in their Statement of Points and Authorities where they showed that they in fact demonstrated all of the petitioner's employees' names and employment status with both payroll and tax records. ECF No. 2-1 at 14.

In short, in ECF No. 11 and, in fact, in ECF No. 8-1 as well, the agency has done nothing more than simply repeat the flawed claims of its decision while making virtually no effort to

---

[7] Plaintiffs cite here the pages of ECF 2-1 assigned by ECF. For unknown reason, ECF 2-1's page number are all one number different.

challenge, or even take note of, the thorough refutation of those claims contained in Plaintiffs'

opening memorandum. ECF No. 2-1. Nor does it even try to provide an explanation for any of

the many absurd claims in the agency's decision, such as that Ms. Han was not employed in a

managerial capacity in China because she signed a contract that prohibited employees from

cheating their employer, ECF No. 2-1 at 7-8, the petitioner failed to prove the number of

employees merely because in some months some of them showed a payment of $0.00 in addition

to their regular salaries,  ECF No. 2-1 at 12-14, that the petitioner, Wei Lai Development LLC,

falsely claimed to have 8 full time employees when it fact it stated on 4 different occasions that it

had 8 full time *and part time* employees, *Id.* at 22-23,  that it failed to prove the identities and

status  of its employees when it in fact provided tax and payroll records documenting them, *Id.* at

12-14, and that Ms. Han's 12 ½ pages of job description was "insufficiently" detailed for

unexplained reasons, *Id.* at 18-19, or the fact the decision relied in substantial part upon a

repealed regulation. *Id.* at 8-9. As Plaintiffs' explained exhaustively in both their opening

memorandum and reply to the Defendants' opposition, not only was  each and every claim upon

which the decision was premised completely unsupported by and in fact contrary to the record,

but many, if not most,  were utter nonsense.

       Since none of the agency's filings in this matter so much as acknowledge, much less

overcome, the many glaring deficiencies in its decision, Plaintiffs are very substantially likely to

prevail in the merits of their action, and since the remaining elements of the criteria for

injunctive relief have been firmly established, this Court should issue a preliminary injunction

postponing the effectiveness of the USCIS' decision in this matter so that Ms. Han will not be

forced to moot this action by departing the U.S. before it is completed.

Further, inasmuch as this case is controlled by *Fogo de Chao*, the USCIS performs a substantial portion of its duties in the District, this case involves the validity of a purported USCIS regulation, and no party would be convenienced by a transfer, the agency's motion to dismiss or in the alternative to transfer, should be rejected.

Respectfully Submitted this 7th day of May, 2021.

/s/ *Michael E. Piston*

Michael E. Piston (MI 002)
Attorney for the Plaintiffs
Transnational Legal Service P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com